# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE SALLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-116-TCK-PJC |
| ) | |
| ROBERT READY, ) | |
| THE HANOVER INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 14).

## I.     Background

On September 1, 2010, Plaintiff filed suit in Rogers County District Court against Robert Ready ("Ready") to recover for injuries sustained in an automobile accident occurring on or around December 16, 2008, which was allegedly caused by Ready's negligence. On October 27, 2011, Plaintiff filed an Amended Petition, asserting claims for breach of contract and bad faith against The Hanover Insurance Company ("Hanover"), based upon Hanover's failure to make timely payment of uninsured/underinsured ("UM") motorist benefits under a policy of insurance issued to Plaintiff. Plaintiff seeks in excess of $75,000 from Hanover. Plaintiff and Ready are citizens of Oklahoma, while Hanover is a foreign corporation.

On March 5, 2012, Hanover filed a Notice of Removal, in which Hanover contends that Ready was fraudulently joined and that this Court has subject matter jurisdiction over the claims between Plaintiff and Hanover pursuant to 28 U.S.C. § 1332(a). On March 28, 2012, Plaintiff filed a motion to remand, arguing that Ready was not fraudulently joined, that his presence in the lawsuit prevents removal, and that this matter must be remanded to Rogers County District Court. The sole

question presented is whether Ready was fraudulently joined, such that the true parties to the lawsuit are of diverse citizenship.[1]

## II. Fraudulent Joinder Standard

"The case law places a heavy burden on the party asserting fraudulent joinder." *See Monsanto v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000).

> "To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the allegedly fraudulently joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."

*Id.* at **1-2. (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). In determining whether there is any possibility of recovery against the party that is allegedly improperly joined, the legal standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at *2. A removing defendant claiming fraudulent joinder must support such claim with clear and convincing evidence. *Mitchell v. Ford Motor Co.*, No. 05-379, 2005 WL 1657069, at * 3 (W.D. Okla. July 5, 2005). Although the court may consider evidence outside the pleadings, "it is not proper for the court to pre-try issues of liability on a motion to remand." *Id.*

---

[1] In a footnote in its reply brief, Plaintiff also argues that removal was untimely. The Court premises remand on the lack of diversity between the parties and does not reach the timeliness question.

**III. Analysis**

The record evidence establishes the following chain of events. On December 1, 2010, Ready's insurer, United States Automobile Association ("USAA"), sent Plaintiff's counsel, Bradley Mallett ("Mallett"), correspondence stating:

> We have settled the following claim . . . . Please do the following: Have your client sign the release. Have the signature witnessed. Return the release. [Plaintiff's counsel's law firm] will be responsible for the protection of CNA's subrogation interests.[2] Furthermore, we will need the dismissal of the lawsuit filed against our policyholder, Robert Ready, prior to check issuance.

(Ex. 1 to Def.'s Resp. to Pl.'s Mot. to Remand (footnote added).) On December 6, 2010, Mallett responded:

> I am in receipt of your letter of December 1, 2010 whereby you state we have settled the claim involving your insured. *Please be advised that we are certainly hopefully to settle the matter and appreciate what we will take as an offer of your policy limits to settle the case.* As you know, we are required to put our UM carrier on notice prior to settling the claim. I have sent the required notice to our carrier and hope to have some information for you as soon as possible.

(Ex. 2 to Def.'s Resp. to Pl.'s Mot. to Remand (emphasis added).) Also on December 6, 2010, Mallett sent a letter to Hanover's counsel, James Johnson ("Johnson"), "to give notice of a tentative settlement with [USAA], for the policy limits of $25,000.00" and to request "a waiver of subrogation so that [Plaintiff] can execute the liability release and accept the check without cutting off your [UM] subrogation rights." (Ex. 3 to Def.'s Resp. to Pl.'s Mot. to Remand.) On January 28, 2011, Johnson sent Mallett a letter stating that Hanover would "waive subrogation against the tortfeasor." (Ex. 4 to Def.'s Resp. to Pl.'s Mot. to Remand.) Mallett did not communicate further, either orally

---

[2] The reference to "CNA" appears to be in error, as the UM carrier in this case is Hanover.

or in writing, with USAA regarding the settlement. Over one year later, on February 2l, 2012, USAA sent a letter to Mallett stating:

> We have offered our full policy limit of $25,000 an I believe you were waiting on permission from the UIM carrier Hanover Insurance in order to accept same. [Johnson], who represents Hanover, sent us a copy of their letter to you in which they will waive their subrogation interest against our insured . . . . Please return the executed Release we sent you. Upon receipt, we send you [sic] our settlement check.

(Ex. 5 to Def.'s Resp. to Pl.'s Mot. to Remand.) Plaintiff never returned the release. On March 5, 2012, Hanover filed its Notice of Removal asserting fraudulent joinder of Ready.

Plaintiff's position, explained in an affidavit submitted by Mallett, is that she has never accepted the settlement offer made by USAA:

> To date, Jane Sallee has not reached a settlement agreement with Defendant Robert Ready. Defendant Robert Ready's insurance carrier extended an offer for policy limits to Plaintiff Jane Sallee. Plaintiff Jane Sallee has never accepted this offer for settlement with Defendant Robert Ready. In fact, upon receipt of Defendant Robert Ready's insurance carrier's letter stating that the claim had been settled with a Release attached, I promptly responded by clarifying that we did not have an agreement as of yet and that before any settlement offer could be accepted, I had to first put the UM carrier on notice. Plaintiff Jane Sallee has not signed a Release of All Claims, releasing Defendant Robert Ready. Plaintiff Jane Sallee has not filed a Dismissal with Prejudice with the Court to dismiss Defendant Robert Ready from this action. Plaintiff Jane Sallee has not received a settlement check for the policy limits from Defendant Robert Ready.

(Mallett Aff., Ex. 1 to Pl.'s Mot. to Remand, at ¶¶ 5-8.) It is not disputed that Plaintiff never executed a release, received a settlement check from USAA, or cashed a settlement check from USAA.

Hanover has failed to meet its heavy burden of establishing fraudulent joinder by clear and convincing evidence. Construing all facts and inferences in favor of Plaintiff, as the Court must, the evidence does not establish that Plaintiff accepted USAA's settlement offer of December 1, 2010. There are no written communications from Mallett to USAA that conclusively establish acceptance,

4

nor is there evidence of an oral acceptance. The parties' conduct also does not establish, by clear and convincing evidence, that a settlement was reached. Plaintiff never received a check, cashed a check, signed a settlement agreement, or signed a release, rendering this case factually distinguishable from Hanover's cited cases in which removal was permitted following settlement and release of a non-diverse defendant. *See, e.g., Fortier v. State Farm Mut. Auto. Ins. Co.*, No. CIV-A 99-2136, 1999 WL 717638, at *3 (E.D. La. Sept. 13, 1999) (finding that non-diverse defendant was fraudulently joined where the plaintiff had executed a release, the parties "clearly intended to prevent a lawsuit and to adjust their differences by mutual consent," and the "plaintiff accepted a substantial sum of money as consideration"); *Martineau v. ARCO Chem. Co.*, 25 F. Supp. 2d 762, 767 (S.D. Tex. 1998) (holding that removal was proper where the plaintiff had executed and filed a settlement agreement against the non-diverse defendant in underlying state court action).

In order for Hanover's argument to succeed, the Court would need to assess evidence, weigh credibility, and ultimately discount Plaintiff's insistence that she has not settled with the tortfeasor's insurer. This is not permissible in the context of a fraudulent joinder analysis. *See B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 n. 14 (5th Cir.1981) (explaining that "where the removing party alleges that the named in-state defendant does not even exist; or that there is a contested question of fact regarding the true domicile of the parties the trial court may hold an evidentiary hearing to resolve these limited questions of jurisdictional fact" but that "where the disputed factual issues relate to matters of substance rather than jurisdiction, e.g. did the tort occur? was there a privilege? was there a contract? etc., all doubts are to be resolved in favor of the plaintiff"); *Wormuth v. State Farm Mut. Auto. Ins. Co.*, No. 06-CV-552-GKF, 2007 WL 1500113, at *1 (N.D. Okla. May 21, 2007) (same); *Mitchell*, 2005 WL 1657069, at *2 ("While an allegation of fraudulent joinder permits

5

the court to pierce the pleadings, it is not proper for the court to pre-try issues of liability on a motion to remand."). Were this Court to engage in a full-blown evidentiary hearing to resolve the question of whether the parties reached an enforceable settlement agreement, the Court would be deciding whether Plaintiff has released her tort claim against Ready, which goes well beyond deciding disputed "jurisdictional" facts.[3]

**III.    Conclusion**

Plaintiff's Motion to Remand Action (Doc. 14) is GRANTED. This action is hereby REMANDED to the District Court for Rogers County, State of Oklahoma.

**SO ORDERED this 26th day of July, 2012.**

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[3] Following removal, Hanover filed a Motion to Enforce Settlement Agreement, making essentially the same arguments it made in response to Plaintiff's motion to remand. However, the Court does not have subject matter jurisdiction over the action and therefore does not address this motion.